UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN BELMONT, on behalf of
herself and others similarly situated,

       Plaintiff,                       Civil Case No. 18-10854
                                               Honorable Linda V. Parker
v.                                                Magistrate Judge Mona K. Majzoub

HOMES OF OPPORTUNITY, INC.,
and LAWRENCE A. MANIACI,

       Defendants.
_____/

## OPINION AND ORDER GRANTING THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND ENTRY OF STIPULATED ORDER OF DISMISSAL [ECF NO. 28]

Plaintiff filed this putative collective action on March 14, 2018, claiming that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiff's overtime wages. All parties stipulated to conditional certification on May 15, 2018. (ECF No. 13.) Additionally, the parties agreed to exchange extensive discovery documents and submitted the case to a settlement conference with Magistrate Judge Mona K. Majzoub on October 17, 2019. Presently before the Court is a joint motion seeking the Court's approval of the parties' proposed settlement. (ECF No. 28.) On December 4, 2018, the Court held a fairness hearing with the parties. Following the hearing, the Court approved the parties' proposed settlement and granted the parties' joint motion. The Court articulated its

reasoning on the record and, for further detail and clarity, provides the instant opinion and order.

I. **Applicable Law**

Pursuant to 29 U.S.C. § 216(b), the parties move for an order granting approval of their proposed Settlement Agreement. (ECF No. 28.) In determining whether a proposed class action settlement is fair, reasonable, and adequate, the Sixth Circuit has identified seven factors that may aid the Court in its determination:

> (1) the risk of fraud or collusion;
>
> (2) the complexity, expense, and likely duration of the litigation;
>
> (3) the amount of discovery engaged in by the parties;
>
> (4) the likelihood of success on the merits;
>
> (5) the opinions of class counsel and class representatives;
>
> (6) the reaction of absent class members; and
>
> (7) the public interest.

*Byers v. Care Transp., Inc.*, 2017 U.S. Dist. LEXIS 25233, at *2 (E.D. Mich. Feb. 23, 2017). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Redington v. Goodyear Tire & Rubber Co.*, 2008 U.S. Dist. LEXIS 64639, at *31 (N.D. Ohio Aug. 22, 2008) (citation omitted). Where the

settlement agreement includes the payment of attorney's fees, the court must assess the reasonableness of that amount. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (citing 29 U.S.C. §216 (b) and cases finding judicial review of the fee award necessary). "[T]he Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of Plaintiff's counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (quoting *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)). On balance, the factors evaluated by the Court strongly weigh in favor of the Court granting final approval of the parties' settlement.

## II. Analysis

After reviewing the pleadings and the parties' joint motion, the Court finds that the parties' proposed settlement represents a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982). As such, the Court will articulate its reasoning as to the factors it considered.

First, the Court has found no reason to suspect fraud or collusion nor have the parties advanced any such reason. A *bona fide* dispute between the parties is evident and remains. Whether Defendants violated the FLSA by failing to pay overtime and whether Plaintiff was properly classified as a managerial employee

3

remains in dispute.  Due to these disputes, *bona fide* issues remain as to the amount of wages, if any, still owed Plaintiff and the ultimate amount she could recover if she prevails.  Additionally, the parties reached their settlement during a settlement conference before Magistrate Judge Majzoub.  Therefore, the Court agrees with the parties that this settlement is the product of adversarial, non-collusive, arm's-length bargaining.

Next, the Court looks to the extent that settlement will enable the parties to avoid additional burdens and expenses.  With the proposed settlement, the parties will avoid the significant burden and expense of trial—costs anticipated to be more than $100,000 that would likely dwarf the Plaintiff's potential award.  Thus, the settlement serves as a means for the parties to minimize future litigation costs.

The Court notes that formal discovery had not commenced in this case.  Still, as mentioned, the parties exchanged several documents and other data relevant to the FLSA claims.  Ultimately, the parties used these to evaluate the merits of their respective claims and defenses.  Clearly, settlement will allow the parties to avoid incurring further costs associated with conducting formal discovery.

Since a genuine dispute between the parties remains, Plaintiff's likelihood of success on the merits and potential award are uncertain.  Here, both parties face risks if the Court determines the appropriate calculation of overtime pay.  Plaintiff

4

is concerned that the Court may identify her as a managerial employee. (*Id.* at PgID 224.) Defendant faces the risk that the Court could find them liable for damages that exceed the settlement amount. Thus, settlement would preclude the potential risks to both parties.

Finally, the Court notes that (1) named Plaintiff and all opt-in plaintiffs believe the settlement to be "fair and reasonable," (ECF No. 28 at PgID 226.); (2) settlement is consistent with the purpose and intent of the FLSA and serves the public interest; and (3) the incentive award sought is reasonable and appropriate for the efforts of the class representative, Plaintiff Susan Belmont.

In addition to the foregoing factors, the Court also approves the parties' proposed settlement with respect to attorneys' fees and costs. "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F.Supp.2d at 336 (internal citation omitted). The Court is required, however, to carefully examine the settlement "to ensure that the interest of Plaintiff's counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (internal citation omitted). Here, the Court notes that the amount of each plaintiff's settlement represents more than the unpaid overtime each is owed as documented by Defendants. (ECF No. 28 at PgID 223.)

Therefore, the Court finds that the amount allocated for attorneys' fees is fair and reasonable.

For these reasons, the Court finds that the parties' proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute, and therefore approves the settlement and dismisses this case.

## III. Conclusion

Accordingly,

**IT IS ORDERED**, that the Joint Motion for Approval of Settlement (ECF No. 28) is **GRANTED**; and

**IT IS FURTHER ORDERED**, that this action is **DISMISSED WITH PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 13, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 13, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager